# EXHIBIT 1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONI SPILLMAN, Individually and        CIVIL ACTION No.
as representative of the Class,

                 Plaintiff,

v.                                JUDGE

DOMINO'S PIZZA LLC and RPM PIZZA, LLC

                 Defendants.     MAGISTRATE:
*************************************************************************

## NOTICE OF COLLATERAL PROCEEDINGS

PLEASE TAKE NOTICE that, pursuant to Local Rule 3.1, Defendant Domino's Pizza LLC hereby certifies that the civil matter it has removed to this Court, *Toni Spillman v. Domino's Pizza LLC and RPM Pizza, LLC*, Case No. 69336, Div. B of the 18th Judicial District Court of the Parish of Iberville, State of Louisiana, involves subject matter that comprises all of the subject matter and operative facts of another action presently pending before this Court, *Toni Spillman v. RPM Pizza, Inc. and Domino's Pizza, LLC*, No. 3:10-CV-00349-BAJ-SCR.

In both cases, Plaintiff Toni Spillman, on behalf of a class of citizens from the states of Louisiana, Mississippi, and Alabama, seeks damages and injunctive relief arising out of prerecorded phone messages and text messages allegedly sent by defendant Domino's and/or defendant RPM Pizza, LLC over the last four years to residential and cellular telephone lines subscribed to by Plaintiff and other class members, in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227(b). In both cases, Plaintiff Spillman alleges the same causes of action, arising out of the same messages, against the same defendants, on behalf of the same purported class.

As the facts as set forth in the removed case are a near verbatim copy of the facts pled by Ms. Spillman in the case presently before Judge Brian A. Jackson, Defendant Domino's believes that the removed case should properly be assigned to Judge Jackson "[i]n order to promote judicial economy and conserve judicial resources, and to avoid the potential for forum shopping and conflicting court rulings."  Local Rule 3.1.1.

Date:  September 3, 2010

Respectfully submitted,

s/Michael W. McKay

Michael W. McKay (9362)
STONE PIGMAN WALTHER
WITTMAN LLC
One American Place, Suite 1150
301 Main Street
Baton Rouge, LA 70825
Phone:  (225) 490-5800
Fax:  (225) 490-5860
Email:  mmckay@stonepigman.com

Daniel F. Katz *
Beth A. Levene*
Eun Young Choi*
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Phone: (202) 434-5000
Fax: (202) 434-5029
Email:  dkatz@wc.com
blevene@wc.com
echoi@wc.com

*Admitted *pro hac vice* in *Spillman v. RPM Pizza*, No. 10-CV-00349-BAJ-SCR.
*Attorneys for Domino's Pizza LLC*

2

TONI SPILLMAN, Individually and as    *     NUMBER _____ DIVISION "B"
representative of the Class    *
   *    18TH JUDICIAL DISTRICT COURT
vs.    *
   *    PARISH OF IBERVILLE
DOMINO'S PIZZA LLC and    *
RPM PIZZA, LLC    *    STATE OF LOUISIANA

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CLASS ACTION PETITION FOR DAMAGES, STATUTORY PENALTIES, AND INJUNCTIVE RELIEF

The Complaint of Plaintiff, TONI SPILLMAN, domiciled in the State of Louisiana,

on behalf of all others similarly situated, respectfully represents the following:

### NATURE OF THE CASE

1.

This suit asserts allegations that defendants DOMINO'S PIZZA, LLC ("Domino's")

and RPM PIZZA, LLC ("RPM") violated the Telephone Consumer Protection Act (47

U.S.C. § 227) (TCPA) with its marketing and advertising campaigns by placing prerecorded

phone calls and sending text messages.  In particular, Defendants advertised their services

by placing thousands of prerecorded phone calls using automatic phone dialing equipment

to residential and cellular phone subscribers without their prior express consent.  In addition,

they transmitted text message advertisements to thousands of recipients without their prior

express consent.  The placing of prerecorded phone calls to residential and cellular phone

lines and text message advertisements without the recipients' consent violates 47 U.S.C. §

227(b)(1)(A) and (B).

2.

This suit is brought on behalf of all recipients in the states of Louisiana, Mississippi

and Alabama of prerecorded phone messages on their residential or cellular telephones and

text message advertisements sent or placed by Domino's and/or RPM Pizza.

3.

Plaintiff, on behalf of herself and a class of similarly situated persons in Louisiana, Mississippi and Alabama, brings this suit under the TCPA for injunctive relief and an award of statutory damages, together with costs and reasonable attorneys' fees.

## DESCRIPTION OF THE PARTIES

4.

Plaintiff party is:

TONI SPILLMAN, a major individual domiciled in the Parish of Iberville and State of Louisiana.  Plaintiff received multiple prerecorded phone message calls from Domino's and/or RPM on her cellular telephone within the last four years.  Most recently, she received prerecorded phone message calls from Domino's and/or RPM on several occasions within the last few months.

5.

Defendant parties are:

DOMINO'S PIZZA LLC ("Domino's"), a limited liability company headquartered in Michigan with its principal place of business located at 30 Frank Lloyd Wright Drive, Ann Arbor, Michigan 48106. Domino's transacts business in the Parish of Iberville; and

RPM PIZZA, LLC ("RPM"), a foreign corporation headquartered in Mississippi with its principal place of business located at 15384 5th Street, Gulfport, Mississippi 39503.  RPM transacts business in the Parish of Iberville.

## FACTUAL ALLEGATIONS

### General Overview of the TCPA

6.

In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

7.

The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of sections 227(b)(1)(A)(iii) and (b)(1)(B) prohibits the use of autodialers to make any call to a wireless or residential phone number in the absence of an emergency or the prior express consent of the called party.

8.

According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

9.

Thus, prerecorded phone calls made to residential or wireless phone numbers are expressly prohibited in the absence of the prior express consent of the subscriber.

10.

Likewise, these provisions apply to text message advertisements sent to cellular telephones.

11.

Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Domino's and RPM to demonstrate that Plaintiff provided express consent within the meaning of the statute.

**Placing and Receipt of the Calls**

12.

At all relevant times Plaintiff was an individual residing in the State of Louisiana. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(32).

3

13.

Although Plaintiff did not provide her cellular phone number to Defendants at any time in any way, Defendants repeatedly contacted Plaintiff on her cellular telephone. The phone calls received by Defendants, received on multiple occasions over the past four years, consisted of prerecorded phone messages advertising pizza specials. Most recently, Plaintiff received prerecorded message phone calls during the last several months. However, she received numerous other calls prior to those dates.

14.

All telephone contact by Defendants to Plaintiff on her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

15.

The telephone calls placed by Defendants to Plaintiff's cellular telephone via the automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

16.

The telephone number that Defendants used to contact Plaintiff, with a "prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17.

The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(I).

18.

Plaintiff did not provide "express consent" allowing Defendants to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

4

19.

Defendants did not make telephone calls to Plaintiff's cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

20.

Identical prerecorded phone calls with a "prerecorded voice" made by an "automatic telephone dialing system" were similarly placed on repeated occasions to other cellular phone numbers belonging to the other members of the class. None of those subscribers gave Defendants their prior express consent to receive the calls and they were not made for emergency purposes. Upon information and belief, Defendants placed these phone calls on a weekly basis to the members of the Class.

21.

In addition, Defendants placed prerecorded phone calls with a "prerecorded voice" made by an "automatic telephone dialing system" to residential phone numbers. Similarly, none of the subscribers of those phone numbers gave their prior express consent to receive the calls and they were not made for emergency purposes. Upon information and belief, Defendants placed these phone calls on a weekly basis to the members of the Class.

22.

Recently, during the week of April 5, 2010, Defendants placed thousands of prerecorded telephone calls to the cellular and residential phone lines subscribed to by the class members. The script of that prerecorded phone message reads as follows:

> Order Domino's VIP carry out special, and get any medium one topping hand-tossed pizza for $3.99. That's right, $3.99 medium one-topping carry out. Order three or more, and get them delivered. If you would like to order now, press "1" to be connected to Domino's or call us later today or on Wednesday, and ask for the $3.99 special. Press "1" now to be connected to your Domino's store or call Domino's later today or on Wednesday, and ask for the $3.99 special. This intrastate call meets all FTC and FCC guidelines as of September 2009. If you would like to opt out of future VIP specials, please press "9" now or dial 877-207-3770 from your called number.

23.

Similar prerecorded phone messages were sent to thousands of cellular and residential telephone numbers subscribed to by Plaintiff and the class members over the past four years in violation of the TCPA.

**Transmitting and Receipt of the Texts**

24.

In addition to placing prerecorded message phone calls, Domino's and RPM also transmitted, or caused to be transmitted, thousands of unsolicited text messages through the use of Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 or so characters.

25.

An "SMS message" is a text message call directed to a wireless device, usually a cellular telephone, through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone typically rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

26.

Unlike more conventional solicitations, wireless spam actually costs its recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or for a text plan that includes a specified number of messages, regardless of whether or not the message is authorized.

27.

Like prerecorded message phone calls, text messages sent to cellular telephones similarly violate the TCPA. In particular, the Defendants transmitted text messages using an "automatic telephone dialing system" to cellular telephone service as specified in 47

U.S.C. § 227(b)(1)(A)(iii).

28.

The complained of text messages were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(I).

29.

None of the recipients of the text messages gave their "prior express consent" allowing Defendants to transmit the text messages to them.

30.

Identical text messages transmitted by an "automatic telephone dialing system" were similarly sent on repeated occasions to other cellular phone numbers belonging to the members of the class during the last four years. None of those subscribers gave Defendants their prior express consent to receive the text messages and they were not made for emergency purposes. All of the text messages advertised Defendants' services: home delivery pizzas.

31.

Upon information and belief, all of the text messages were sent from the SMS short code "36646." This SMS short code is owned either by Defendantds or by a company retained by Defendants to transmit marketing campaigns on their behalf.

32.

At least one of these text messages, sent within the last four years, contained the following message:

Get 3 or more 10-inch 1 Topping Pizzas online for just $4 each. Order now at http://m.dominos.com

Reply STOP 2 opt out

33.

Another text message, sent during the week of March 15, 2010, contained the following message:

Get 2 Medium 2-Topping Domino's Pizzas for $5.99 each. Use promo code

7

M59 online or @ http://bit.ly/dty6sb

Reply STOP to opt out

34.

Similar text message advertisements were sent to thousands of cellular telephone numbers subscribed to by Plaintiff and the class members over the past four years in violation of the TCPA.

**Relationship Between Dominos and RPM**

35.

Upon information and belief, RPM is a franchisee of Domino's. In that capacity, RPM operates Dominos pizza stores in the states of Louisiana, Mississippi, and Alabama.

36.

As part of the franchise agreement between Domino's and RPM, each party advertises for the sale of Domino's pizzas. In particular, Domino's is responsible, and owes an obligation, to conduct national advertising for the sale of Domino's pizzas, including in RPM's markets. This national marketing or advertising campaigns directly benefit RPM and other franchisees. In fact, the text message advertisements sent to the Class Members directly advertised the sale of Domino's pizzas by the local franchise stores, including those owned by RPM.

37.

Likewise, RPM owes an obligation to engage in advertising and marketing campaigns to sell Domino's pizzas. Those campaigns directly benefit Domino's according to the terms of the franchise agreement. Accordingly, the prerecord phone message advertisements directly benefit both RPM and Domino's.

38.

Because of this agency relationship between RPM and Domino's, both Defendants benefit from any advertising or marketing campaigns performed by either party. Accordingly, they are both liable for damages under the TCPA for the transmission of these unsolicited

text messages and prerecorded phone messages.

## CLASS ALLEGATIONS

### 39.

Plaintiff brings this action pursuant to La. C.C.P. art. 591 *et seq.* on behalf of herself and the following Class (the "Class"): All persons in Louisiana, Mississippi and Alabama who, within the last four years, received a telephone call on their residential or cellular telephone or text message advertisement on their cellular telephone placed or transmitted by Domino's Pizza LLC and/or RPM Pizza, LLC through the use of an automatic telephone dialing system or an artificial or prerecorded voice without the subscriber's prior express consent.

### 40.

The Class consists of thousands of individuals and other entities who are geographically dispensed making joinder impractical, in satisfaction of La. C.C.P. art. 591 *et seq.* The exact size of the respective classes and identities of the individual members thereof are ascertainable through Defendants' records, or the records of its representatives, including but not limited to the telephone message or transmission logs.

### 41.

The claims of Plaintiff are typical of the claims of the respective class members. The claims of the Plaintiff and the respective class members are based on the same legal theories and arise from the same unlawful and willful conduct, resulting in the same injury to the Plaintiff and the respective class members.

### 42.

The respective classes have a well-defined community of interest. The Defendants has acted and failed to act on grounds generally applicable to the Plaintiff and the respective class members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the respective class members.

43.

There are many questions of law and fact common to the claims of Plaintiff and the respective class members, and those questions predominate over any questions that may affect only individual class members within the meaning of La. C.C.P. art. 591 *et seq.*

44.

Common questions of fact and law affecting members of the Class include, but are not limited to, the following:

(a)    Whether Defendants' conduct violates 47 U.S.C. § 227(b)(1)(A);

(b)    Whether Defendants' conduct violates 47 U.S.C. § 227(b)(1)(B);

(c)    Whether Defendants' phone calls and texts were made for an emergency purpose;

(d)    Whether Defendants obtained the phone call and text message recipients' prior express consent;

(e)    Whether Plaintiff and members of the Class are entitled to damages, costs and/or attorney's fees from Defendants;

(f)    Whether Plaintiff and members of the Class are entitled to treble damages based on the willfulness of defendants' conduct; and

(g)    Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining defendant from continuing to engage in its unlawful conduct.

45.

Absent a class action, most of the respective class members would find the cost of litigating their claims to be prohibitive, and will have no effective remedy.    The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

10

46.

Plaintiff will fairly and adequately represent and protect the interests of the respective class members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the respective class members, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the respective class members.

47.

This action is brought and may properly be maintained as a class action pursuant to the provisions of La. C.C.P. art. 591 *et seq.* This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these statutory provisions and the jurisprudence of the courts.

## LIABILITY PURSUANT TO THE TCPA

48.

Defendants placed, or caused to be placed, calls and text messages to Plaintiff and the Class using an automatic telephone dialing system, within the meaning of 47 U.S.C. § 227(a). The equipment used by Defendants had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers. By using such equipment, defendants, or its agent, were able to make thousands of calls to the subscribers of residential and cellular phone numbers and transmit text messages to subscribers of cellular telephone numbers automatically without human intervention.

49.

These calls and texts were made *en masse* and without the prior express consent of Plaintiff and the other members of the Class.

50.

Thus, Defendants violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States...to make any call (other than a call made

11

for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a...cellular telephone."

51.

Similarly, Defendants violated 47 U.S.C. § 227(b)(1)(B), which makes it unlawful to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes ...."

52.

Moreover, Defendants failed to satisfy the requirements set forth by 47 C.F.R. §64.1200 (d), which is a separate and independent violation under the Act. That regulation provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Person or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the

12

name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5)    Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6)    Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

53.

47 C.F.R. §64.1200 (e) provides that §64.1200 (d) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278 FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which Report and Order in turn, provides as follows:

The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protection as wireline subscribers.

54.

Defendants violated § 64.1200(d) by initiating calls for telemarketing purposes to wireless and residential telephone subscribers and text messages to wireless telephone subscribers, such as Plaintiff and the Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls or texts from them, and in particular by (1) failing to have a written policy for maintaining a do-not-call list; (2) failing to inform and train telemarketing personnel in the existence and use of the do-not-call list; (3) failing to record do-not-call list at the time the request is made; (4) failing to honor called parties' do-not-call requests within a

reasonable time from the date such request is made and no later than thirty days from the date

such request; and/or (5) failing to provide called parties with the name of the individual

caller, the name of the person or entity on whose behalf the call is being made, and a working

telephone number or address at which the person or entity may be contacted.

## DAMAGES UNDER THE TCPA

### 55.

Pursuant to 47 U.S.C. § 227(b)(3), a person or entity may bring a private action to

recover for actual monetary loss from a violation of the TCPA, or to receive $500 in damages

for each such violation, whichever is greater.

### 56.

Accordingly, as a proximate result of the Defendants' conduct, the plaintiff Class has

incurred actual damages associated with the cost of the receipt of the phone calls and texts,

usage of cellular phone minutes and plan allowances, inconvenience, and the invasion of the

recipient's privacy.

### 57.

Further, in the alternative, the plaintiff Class is entitled to recover statutory damages

under the Act, as set forth above, based on the placing of the phone calls and transmission

of the texts by Defendants.

### 58.

The plaintiff Class is also entitled to recover statutory damages, separate and apart

from the actual and statutory damages recoverable for the placing of the phone calls and

texts, based on Defendants' failure to implement procedures as outlined by 47 C.F.R. §

64.1200(d).

### 59.

In addition, if the court finds that the Defendants willfully or knowingly violated the

TCPA, the Court may, in its discretion, increase the amount of the award to an amount equal

to not more than 3 times the amount available under 47 U.S.C. § 227(b)(3).

14

## INJUNCTIVE RELIEF

60.

Additionally, plaintiff Class is entitled to request that Defendants be enjoined from placing any more prerecorded phone calls pursuant to 47 U.S.C. § 227(b)(3)(A).

## DEMAND FOR PRESERVATION

61.

Plaintiff also specifically demands that Defendants retain and preserve all records related to the allegations in this Complaint. Specifically, Plaintiff's demand for preservation includes, but is not limited to, the following documents and information:

(1)    Scripts of the prerecorded messages sent over the past four (4) years, with corresponding dates when those messages were sent;

(2)    Scripts or copies of the text message advertisements sent within the last four years;

(3)    List of all phone numbers to which prerecorded phone message advertisements were sent within the last four years;

(4)    List of all phone numbers to which text message advertisements were sent within the last four years;

(5)    List of all persons or phone numbers who requested to opt-out of receiving prerecorded phone messages or text messages over the past four years;

(6)    Any and all documents, including but not limited to invoices, transmission logs, or summary logs, provided to you by any company or person you retained to transmit prerecorded phone messages or text message advertisements on your behalf;

(7)    Any proof you contend shows that you obtained the prior express consent of any recipient of your prerecorded phone messages or text message advertisements;

(8)    Any and all transmission or phone logs showing dates of transmission, receipt or identity of recipient of prerecorded phone messages or text message advertisements sent by you or on your behalf within the last four years;

(9)    Copies of any and all policies or procedures implemented by you with regard to the transmission of text message advertisements and prerecorded phone messages, as well as marketing activities and restrictions;

15

(10)    Documents related to your cost for transmitting the prerecorded phone messages or text message advertisements sent by you or on your behalf within the last four years; and

(11)    Demand is made on you to notify any third parties or vendors retained by you to send prerecorded phone messages or text message advertisements of this preservation demand and request production fo any documents requested through this demand.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, on behalf of herself and as representative of all other persons similarly situated, pray for judgment against the defendants, as follows:

(1)    An Order certifying the Class under the appropriate provisions of La. C.C.P. art. 591 *et seq.* and appointing the plaintiff and her counsel to represent the class;

(2)    For compensatory damages as alleged herein;

(3)    For statutory penalties as provided for under 47 U.S.C. § 227(b)(3);

(4)    For an injunction restraining Defendants from placing any more prerecorded message phone calls or text messages;

(5)    For pre-judgment interest from the date of filing this suit;

(6)    For reasonable attorney's fees;

(7)    For all costs of this proceeding; and

(8)    For all general, special, and equitable relief to which the plaintiffs and the members of the class are entitled by law.

## JURY DEMAND

Plaintiff demands trial by jury on all counts for which a jury trial is permitted.

RESPECTFULLY SUBMITTED,

KEOGH, COX & WILSON, LTD.

BY:_____
JOHN P. WOLFF, III, Bar #14504
CHRISTOPHER K. JONES, Bar #28101
701 Main Street
Baton Rouge, Louisiana 70802
Telephone: (225) 383-3796
Facsimile: (225) 343-9612
jwolff@kcwlaw.com
cjones@kcwlaw.com

-and-

Philip Bohrer, Bar #14089
BOHRER LAW FIRM, L.L.C.
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
phil@bohrerlaw.com

**Please serve:**

Domino's Pizza LLC
**via the Louisiana Long Arm statute at:**
30 Frank Lloyd Wright Drive
Ann Arbor, Michigan 48106

and

RPM Pizza, LLC
**through its agent for service of process:**
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

FILED

2010 AUG 17 P 12: 31

A TRUE COPY
DATE September 3, 2010

Deputy Clerk, Ex-officio, Recorder, Iberville Parish, Louisiana

# CITATION



SERVE

| | | |
|---|---|---|
| *TONI SPILLMAN* | | Case: 069336 |
| | | Division: B |
| *Versus* | | 18th Judicial District Court |
| | | Parish of Iberville |
| *DOMINO'S PIZZA LLC, ET AL* | | State of Louisiana |

The State of Louisiana and said Court to
   *RPM PIZZA LLC THRU ITS AGENT FOR SERVICE OF PROCESS: CT CORP. SYSTEM*
   *5615 CORP. BLVD., SUITE 400B*
   *BATON ROUGE, LOUISIANA  70808*

*You are hereby summoned either to comply with the demand contained in the CLASS ACTION FOR DAMAGES*

*petition of the said TONI SPILLMAN ET AL a*

*copy of which accompanies the citation, or deliver your answer to the said petition in the office of the Clerk of*

*said Court, held at the Court House at Plaquemine, in said Parish, within 15 days after the service hereof,*

*under penalty of default.*

*WITNESS THE HONORABLE J. ROBIN FREE, JUDGE OF SAID COURT, this 18TH day of AUGUST, 2010.*

*Debra J Francise*
*Deputy Clerk of Court*

---

## Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of

_____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the

hands of _____, a person apparently over the age of seventeen

years, living and residing in said domicile and whose name and other facts connected with this service, I

learned by interrogating the said person, said party herein being absent from his/her residence at the time of

said service.

Returned:
Parish of _____

Service    $_____

Mileage    $_____  FILED

Total      $_____  2010 AUG 27  A 10: 01

          BY C.U
          IBERVILLE

AUG 24 2010
made service on the named party through the
CT Corporation
this _____ day of _____ document to
by tendering a copy of this document to
☑ LYNETTE BASS   ☐ JULIE CHISM
☐ LISA UTTECH  ☐ RODERICK THOMAS
☐ Deputy Sheriff
E. Cummins
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

RECEIVED
AUG 26 2010

[ ORIGINAL ]

# CITATION

TONI SPILLMAN

Versus

DOMINO'S PIZZA LLC, ET AL



Case: 069336
Division: B
18th Judicial District Court
Parish of Iberville
State of Louisiana

The State of Louisiana and said Court to
    DOMINO'S PIZZA LLc via the LA. LONG ARM STATUE AT:
    30 FRANK LLOYD WRIGHT DRIVE
    ANN ARBOR, MICHIGAN 48106

You are hereby summoned either to comply with the demand contained in the CLASS ACTION FOR DAMAGES

petition of the said TONI SPILLMAN ET AL a

copy of which accompanies the citation, or deliver your answer to the said petition in the office of the Clerk of

said Court, held at the Court House at Plaquemine, in said Parish, within 15 days after the service hereof,

under penalty of default.

WITNESS THE HONORABLE J. ROBIN FREE, JUDGE OF SAID COURT, this 18TH day of AUGUST, 2010.

*D.J.F.*
_____
Deputy Clerk of Court

---

## Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of

_____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the

hands of _____, a person apparently over the age of seventeen

years, living and residing in said domicile and whose name and other facts connected with this service, I

learned by interrogating the said person, said party herein being absent from his/her residence at the time of

said service.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service  $_____

Mileage  $_____

Total    $_____

By: _____
Deputy Sheriff

FILED

2010 AUG 18  A 9: 57

*Debra J. Francese*
DY CL_____
IBERVILLE

[ FILE COPY ]